FLETCHER v. SOUTH CAROLINA AND GEORGIA EXTEN-
SION R. R. CO.

1. RAILROADS—SIGNALS—PRIVATE CROSSINGS.—CHARGE as to negligence in failing to signal private crossings used by permission, and explanation of "what facts of the case" bring a case within this rule, proper.
2. CONTRIBUTORY NEGLIGENCE.—CHARGE as to contributory negligence held to be full and careful.
3. ENGINEER—RAILROADS.—CHARGE as to duty of engineer in looking out for danger at private crossings, sustained.
4. CONTRIBUTORY NEGLIGENCE—CHARGE.—Striking out of request to charge on contributory negligence by failure of plaintiff's servant to look out for trains the words "like the present," referring to this case, sustained, because it tends to charge on the facts.
5. RAILROADS—SPEED.—CHARGE as to speed of trains sustained.
6. BILL OF SALE.—Definition of bill of sale of personal property and rights of parties thereto, properly stated.

Before ALDRICH, J., Kershaw, fall term, 1899.   Affirmed.

Action by D. R. Fletcher against South Carolina and Georgia Extension Railroad Company.    Defendant appeals.

*Messrs. E. D. Blakeney* and *Geo. W. S. Hart,* for appellant.    The latter cites: *The doctrine of comparative negligence has never been recognized in this State:* 4 Am. St. R., 379; 56 S. C., 95; 32 Am. St. R., 18.    *The R. R. is not held to a stricter account than persons crossing its tracks:* 56 S. C., 95; 56 Am. R., 242.    *Plaintiff cannot maintain this action after condition broken of bill of sale executed by him:* 48 S. C., 406; 45 Am. Dec., 446; 13 N. Y., 565.

*Messrs. M. L. Smith* and *J. T. Hay,* contra, cite: *Judge cannot say what facts constitute negligence:* 19 S. C., 39; 51 S. C., 296, 453; 52 S. C., 438, 778, 498; 55 S. C., 180; 41 S. C., 1; 25 S. C., 25; 29 S. C., 303; 35 S. C., 493; 30 S. C., 219.    *Whole charge must be construed together:* 37 S. C., 335; 41 S. C., 440; 43 S. C., 132; 46 S. C., 541; 50 S. C., 405; 45 S. C., 156; 22 S. C., 159; 19 S. C., 575; 22 S. C., 191.    *As to contributory negligence:* 55 S. C., 397, 150, 189; 51 S. C., 238.    *Charging request in substance is sufficient:* 28 S. C., 29; 38 S. C., 199.    *As to the bill of sale:* 43 S. C., 202; 20 S. C., 17, 514; 15 S. C., 88; 26 S. C., 110, 331; 23 S. C., 292; 32 S. C., 365; 48 S. C., 405; 28 S. C., 459; 42 S. C., 121; 63 Ia., 206; 13 Kan., 438; 36 Am. Dec., 586; 2 B. Mon., 19.

April 4, 1900.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    Plaintiff's mule was killed, his wagon demolished and his horse injured by the defendant's locomotive, at Welch's crossing, on defendant's railroad, in Kershaw County, S. C., on the 13th July, 1899.    Plaintiff sued for such injuries, claiming in his cause of action $300, as compensatory damages, and $100 vindictive damages as his second cause of action.    Case was heard by his Honor, Judge Aldrich, and a jury at the fall term, 1899, of the Court of Common Pleas for said county.    The verdict awarded

plaintiff was for $280. After judgment, defendant appealed on the following grounds, to wit: "1. Because of error in charging the jury, at the request of plaintiff, 'that the use by the public or a number of persons of a crossing over a railroad track might not constitute it such a crossing as to impose on the company the statutory duty to signal the approach of its train, yet the failure to do so might, according to the facts of the case, constitute negligence,' without in any way instructing the jury what 'facts of the case,' or what facts as found by the jury, would justify the conclusion that there was negligence on the part of the defendant in failing to signal the approach of its train to the 'private crossing' in question. 2. Because of error in charging the jury, at the request of plaintiff, 'That if the jury find that the defendant was negligent, and that plaintiff had suffered loss to his property by reason of such negligence, then they should award such damages as will compensate the plaintiff for all injury sustained'—thus wholly eliminating the question of plaintiff's contributory negligence. 3. Because of error in charging the jury, at the request of the plaintiff, 'That should the jury believe that Clark Ely, the driver of the wagon, was negligent in driving upon the railroad track, without having used proper efforts to discern the approach of the train; yet if the engineer of the train did see him in a position of peril and danger, or could have seen him by the exercise of due diligence, it was the duty of said engineer to use reasonable and practicable means to stop the train or prevent injury; and if he failed to do so, and from such failure the injury occurred, the defendant would be liable'—thus wholly eliminating the matter of plaintiff's own negligence, through his own employee, Clark Ely, and especially when the jury was so instructed that the defendant would be liable, even though the engineer on defendant's train had not actually seen the said Clark Ely (with plaintiff's property) in the alleged position of peril and danger. 4. Because of error in striking the words 'like the present' out of defendant's first request to charge—thus making that portion of

the charge inapplicable to the case then being tried.   5. Because of error in refusing to charge the jury, as requested by defendant, that 'the jury is instructed that the fast running of a train is not, by itself, evidence of negligence'—the same being a correct proposition of law, and directly applicable to the case then being tried.    6. Because of error in refusing to charge the jury, as requested by defendant, that 'The jury is instructed that if the jury find that any part of the property injured or destroyed by defendant's train was covered by a bill of sale, executed by plaintiff, then the plaintiff cannot recover for any injury or destruction to such part of the property'—the same being a correct proposition of law, and directly applicable to the case now being tried."

In disposing of the first ground of appeal, it is proper that we should remark that the request to charge the jury by the plaintiff is not fully set out therein—only a portion thereof. The full text of the request to charge is as follows: "If the owner of property has been accustomed to allow to others a permissive use of it, such as tends to produce a confident belief that the use will not be objected to, and, therefore, to act on the belief accordingly, he must be held to exercise his rights in view of the circumstances so as not to mislead others to their injury, without a proper warning of the intention to recall that permission.   In such cases, the use by the public or a number of persons of a crossing over a railroad track might not constitute it such a crossing as to impose on the company the statutory duty to signal the approach of its train, yet the failure to do so might, according to the facts of the case, constitute negligence."   It is thus manifest that the full request to charge presents a different phase to this question from that presented by the partial representation thereof in the first ground of appeal. Now let us see what the Circuit Judge did say in allowing this request.   Here is what he said: "That is correct, and means this, that the railroad company running its trains anywhere must use ordinary and due diligence and due care, must not be guilty of negligence, and where it has accus-

tomed and allowed the public to assume and act upon custom, then it cannot discontinue that custom when it comes to the public or person to whom the railroad has suffered to exercise these rights by permission. Even though no law requires signals at private crossings, yet if the company is accustomed to give such signals and the custom is notorious, travelers may rely upon the company to do so, and a failure to signal is a proper fact for the jury to consider in passing upon the defendant's negligence. That is correct, and I so charge you, taking into consideration the surrounding circumstances." We think the Circuit Judge has sufficiently explained to the jury "what facts of the case" meant. The ground of appeal is dismissed.

When we consider the second grounds of appeal, we must, in order to be just to the Circuit Judge, remember that this was a request to charge by the plaintiff. The request contained sound law; this is admitted, but it is contended that the Judge ought to have cautioned the jury as to the effect of any contributory negligence of plaintiff. We must take the charge as a whole, and we find that the Circuit Judge was very careful and full in his charge to the jury as to the effect of plaintiff's contributory negligence. This being so, we must dismiss this exception.

As to the third exception, we must say that a careful consideration of the charge fails to sustain this exception. We find that the Circuit Judge, when he came to announce his views as to the correctness of the request embodied in the third exception of the defendant, was very careful to place in juxtaposition with his admission of the correctness of the request to charge—preferred by the plaintiff—these words: "That is correct, I charge you. That brings us now to the next place, contributory negligence. That means this: The plaintiff is the person who sues—Mr. Fletcher, in this case—he sues the railroad company; the railroad company answers back and says: if your property was injured, it was because of negligence, your contributory negligence, your own fault contributed to the occurrence

14—57

which resulted in the loss of your property. Now, when that is the case, the law is applicable to such cases, which I will explain to you in connection with the requests of the defendant." It is true, as a proposition of law, that the engineer owes a care to the public in the discharge of his duties as such; he is required, while driving his engine, to keep his eyes wide open, so that no harm can come to others, if he can reasonably prevent it. Here, in the case at bar, an issue was joined between the parties, not only by their pleadings but by the testimony which was offered, on both sides, that this officer (the engineer) was or was not negligent. In other words, the plaintiff by his witnesses very plainly charged that it was in the power of this engineer to have prevented this catastrophe, by either sounding the signal of danger—the whistle and the bell on his engine at a distance of 500 yards from the crossing—or, in the second place, by putting on brakes, and stopping his engine and train. The defendant, on the other hand, by its testimony sought to convince the jury that the engineer could not have seen the driver and the wagon and work animals in time to have stopped its train, and also that it did blow the whistle. The jury passed between them, and accepted the testimony of the plaintiff. This exception must be overruled.

We will next dispose of the fourth ground of appeal. We cannot find any error in the charge of the Judge, as here pointed out. The Circuit Judges of this State are subjected to heavy responsibilities as to charging upon facts. Hence we constantly find them observing the greatest care, not by any look or language to convey to the jury their impressions as to the testimony. In this case, Judge Aldrich was careful to strike out the words "like the present," lest he should convey to the jury his view of the case made by the testimony; but read his language: "The defendant railroad company has requested the Court to charge: 1st. 'The jury is instructed in a case like the present'—I will strike out the words 'like the present.' The jury is instructed that in a case it was the duty of the plaintiff's em-

ployee to 'look and listen' for the cars before attempting to cross the railroad track; and if the jury finds: (1) that plaintiff's property was injured or destroyed by defendant's train; and (2) that plaintiff's employee did not so 'look and listen,' did not use his eyes and ears; and (3) that such injury or destruction was directly attributable to such failure on the part of plaintiff's employee, then the plaintiff cannot recover. That I charge you as good law, because it was the duty of the plaintiff Fletcher's servant, to look out and listen for the train, and if plaintiff's property was destroyed by the railroad company, and his servant failed to look out and listen for the train as he should have done, and if the proximate and direct cause, that which caused the loss of that property, was the failure of that servant to look and listen, then that would be contributory negligence on the part of the plaintiff, and that would be such contributory negligence as would be the proximate and direct cause of the loss, and the railroad company would not be responsible for it." We cannot see that any injury has accrued to the defendant by striking out these words. This exception is overruled.

When we consider the fifth ground of appeal, relating to the fast running of a train, we think the language of the Circuit Judge is a complete answer: "That is the only limit I know as to speed of a train, unless it be where there is a particular statute or law requiring railroad trains to slacken down to a certain rate of speed—as for instance, passing through the incorporated limits of some towns, some places require them to run at a rate of speed not exceeding four miles, other places not exceeding eight miles—but generally, on their track, the railroad may run its trains just as fast as railroad companies, with due regard to their rights, and in due discharge of their duty to the public, and in the conduct of their business, are accustomed to run their trains. The jury is instructed that a railroad company is not bound to slacken the speed of its trains, upon seeing one approaching its track, unless the circumstances indicate that the person does not or cannot see the train.' That is

good law. To go a step further, or unless the railroad company sees there is some reason which would induce a reasonable engineer, under similar circumstances, to slacken his speed."

Lastly, the sixth exception relating, as it does, to the declination of the Circuit Judge to charge in the exact language of the defendant's request—" 'The jury is instructed that if the jury find that any part of the property injured or destroyed by defendant's train was covered by a bill of sale executed by plaintiff, then the plaintiff cannot recover for any injury or destruction to such part of the property.' I cannot charge you that as stated. A bill of sale means a title deed, as it were; a bill of sale is intended to pass the title of personal property to the purchaser. Now, if the bill of sale referred to in this request, if it were in writing before this Court, I could construe it, it would be my duty to tell you what it was, but there is none; I can only tell you that a bill of sale is a paper purporting to pass the title in personal property from one person to another. Now, sometimes a bill of sale of personal property is given, but not intended to actually sell the property, it is given as security. Well, just like a deed conveying real estate, may be only a mortgage of that real estate, so a bill of sale of personal property may be, as a matter of fact may have been intended to be, security. Now, a mortgage before condition is broken, and while the property remains in possession of the mortgagor, and if that property should be injured by any one, the mortgagor has the right to maintain his action for the property; if after the mortgage is due and condition broken, then, under the law, the mortgagee may take it, has the right to take it, wherever he can find it, has the right to maintain an action to take possession, or can dispose of it; the law provides, under those circumstances, that he has the right to do it; the mortgagee could maintain his action for the property and recover it; but I cannot charge you the proposition as stated here. If you find that this property, or a part of it, was covered by a bill of sale—if from the evidence you find

that out, and that the plaintiff had passed that property by that bill of sale to some one else, and it is not his property now, that it was literally and truly a bill of sale, evidencing he executed a contract of sale—then the title of the property is not in the plaintiff, and he could not recover." We think this charge is its own vindication. The exception is over-ruled.

The judgment of this Court is, that the judgment of the Circuit be affirmed.