14008

NOFAL v. ATLANTIC COAST LINE R. COMPANY *ET AL.*

(178 S. E., 541)

*Mr. F. A. Wilcox,* for appellants,

*Messrs. Baker & Baker,* for respondent,

February 19, 1935.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages. The complaint alleges that on September 22, 1932, the plaintiff, who was driving an automobile along a public highway in Chesterfield County, had occasion to cross the defendant's line of railroad at a public crossing at Cash station; that in order to do so he had to turn from the highway to his right, the railroad track and crossing being within a few feet of the highway; that at the time it was raining very hard, and the view of any approaching train was thereby obstructed or obscured; that the plaintiff, realizing this, came to a complete stop, before attempting to cross, and listened for any signals or other evidences that a train might be approaching; that, hearing none, he proceeded at a low rate of speed to drive across, but before he could clear the railroad track, a locomotive and train of cars, in charge of the defendants Lee and Best, the company's engineer and fireman, respectively, collided with Nofal's automobile, demolishing it, and seriously and permanently injuring the plaintiff. It was also alleged that the train in question, in view of the blinding rain, was traveling at a dangerous rate of speed, that it was not under proper control, that no sufficient lookout was kept for persons approaching the crossing, and that the company and its agents failed to give for the crossing the signals by bell and whistle as required by statute.

The defendants admitted the collision, but denied that it was the result of any negligence on their part. On the contrary, it was alleged that Nofal's injuries, if any, were due solely to his own negligence. They also pleaded that the plaintiff was guilty of contributory negligence, contributory gross negligence and contributory recklessness and willfulness.

On trial of the case, motions for a nonsuit and for a directed verdict were overruled, and the jury found for the plaintiff actual damages in the sum of $3,440.00. A motion

for a new trial was granted as to Best, but refused as to the other defendants. From judgment entered on the verdict, this appeal is taken.

By their exceptions, the appellants impute error to the trial Judge in the following particulars: (1) In refusing to direct a verdict for the defendants; (2) in submitting to the jury the question as to whether the company was negligent in running its train, in the circumstances, at too high a rate of speed, and in not slowing it down on approaching the crossing; and (3) in refusing to charge the defendants' ninth request.

From a careful study of the record, we are of opinion that the Court committed no error in refusing to direct a verdict. The testimony was in sharp conflict on material points. The plaintiff and his witnesses testified that the crossing signals required by the statute were not given, or were not given in compliance with the statute, while testimony for the defendants was equally as strong that they were. There was evidence to the effect that there was a tremendous rainfall at the time of the accident, which so obstructed the view and obscured one's vision that an approaching train could not be seen; on the contrary, there was some evidence that the rain was not heavy and amounted to little or nothing.

Counsel for appellants states, in effect, that the primary ground upon which the appeal was brought to this Court is the inevitable conclusion from the testimony that the plaintiff at the time of the collision was guilty of gross negligence, which contributed to his injury as the proximate cause thereof. But we do not think that this contention is sustained by the evidence. If the plaintiff was to be believed, he exercised care in the circumstances. While admitting that the line of defendant's road, in the direction from which the train was approaching, is straight for 1,000 feet or more, and that ordinarily a train could be seen for that distance by one at the crossing, he stated that, on the occasion in ques-

tion, due to the heavy rainfall, this view was so obscured that he did not and could not see the oncoming train; that, in these circumstances, he stopped his car and listened for the signals which an approaching train was bound to give; and that, hearing none, he attempted to cross and the collision occurred.

Unquestionably, the testimony made an issue of fact for the jury as to whether the crossing signals were given by the company as required by the statute, and whether the plaintiff, in the circumstances, was guilty of negligence, gross negligence, or willfulness. See *Timmons v. Southern Railway Co.*, 138 S. C., 82, 136 S. E., 27; *McBride v. A. C. L. Railroad Co.*, 140 S. C., 260, 138 S. E., 803; *Brogdon v. Northwestern Railroad Co.*, 141 S. C., 238, 139 S. E., 459; *Glenn v. Southern Railway Co.*, 145 S. C., 41, 142 S. E., 801, 803, and *Ford v. Atlantic Coast Line Railroad Co.*, 169 S. C., 41, 168 S. E., 143.

As to the second question, there was no error as complained of. On the issue of the company's negligence in operating, in the circumstances, its train at a dangerous rate of speed, Judge Shipp charged the jury as follows: "He (the plaintiff), says the train was running too fast. I can't tell—we have no statute that I am aware of, and nothing has been called to my attention, regulating the speed of a railroad train, except now in some towns where they have ordinances, but there is no evidence of that, so that is a question for the jury. It is for you to say whether or not—you have heard how the train was running—it is for you to say whether or not they were exercising proper care in the manner in which they were operating the train or not * * * if they were running that train in a way a railroad company of ordinary care and prudence would have run it under the same circumstances, they would not be negligent. If they are running it at a greater rate of speed than a railroad company of ordinary care and prudence would have run it under the same circumstances, of course they would be negligent. That is a question for you."

In *Fletcher v. Railway Co.,* 57 S. C., 205, 35 S. E., 513, a similar question arose. The defendant requested the Court to charge that: "The jury is instructed that the fast running of a train is not, by itself, evidence of negligence." The trial Judge refused to do so, but gave the following instructions, which were approved by this Court on appeal: " * * * Generally, on their track, the railroad may run its trains just as fast as railroad companies, with due regard to their rights, and in due discharge of their duty to the public, and in the conduct of their business, are accustomed to run their trains. The jury is instructed that a railroad company is not bound to slacken the speed of its trains, upon seeing one approaching its track, unless the circumstances indicate that the person does not or cannot see the train.' That is good law. To go a step further, or unless the railroad company sees there is some reason which would induce a reasonable engineer, under similar circumstances, to slacken his speed."

The defendants asked that the jury be instructed as follows: "9. The omission to ring the bell or sound the whistle at a public crossing is not of itself sufficient ground to authorize a recovery, if the party, notwithstanding such omission, by the exercise of ordinary care, might have avoided the accident."

The request does not correctly state the law as announced by this Court, and the trial Judge, therefore, committed no error in refusing to charge it. In *Glenn v. Southern Railway Company, supra,* it is said: "Under the specific terms of the signal statute, the common-law defense of contributory negligence is eliminated from our consideration. The language of the statute (Section 4925, Civ. Code 1922) is that, if the failure to give the specified signals contributed to the injury, liability for all damages caused by the collision is imposed upon the railroad company, unless, 'in addition to a mere want of ordinary care,' it is shown that gross or willful negligence or unlawful act, chargeable to the person injured, contributed to the injury."

See, also, *Ford v. Railway Company, supra; Timmons v. Southern Railway Company, supra;* and other decisions.

We find, from a reading of the entire charge, that the presiding Judge fully and correctly instructed the jury as to the principles of law governing in crossing cases.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER and BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES E. C. DENNIS and C. J. RAMAGE concur.