9150

LORENZO v. ATLANTIC COAST LINE R. R. CO.

(85 S. E. 964.)

RAILROADS. CROSSINGS. EVIDENCE. ISSUES FOR JURY. NEGLIGENCE. CONTRIBUTORY NEGLIGENCE. WILFULNESS. CHARGE.

1. RAILROADS — CROSSINGS — WILFULNESS — EVIDENCE.—Evidence that a railroad company frequently at long repeated occasions antedating the one in question, blocked a street crossing with its cars, is admissible as tending to show a wilful violation of a known duty.

2. RAILROADS—CROSSING—EVIDENCE—WILFULNESS—NEGLIGENCE. — There being evidence that a street crossing on a main thoroughfare in a city was blocked by railroad cars for twenty-five minutes, with no engine in sight; that such blocking by defendant was habitual, and that the cars were moved without a warning to travelers on a street, the issue as to the railroad's negligence and wilfulness was for the jury.

3. CONTRIBUTORY NEGLIGENCE.—Where a traveler finding a street crossing blocked by cars, with no motive power attached, waited for twenty-five minutes before attempting to cross under them, the question whether or not he was negligent in attempting to so cross, was properly submitted to the jury.

4. NEGLIGENCE—EMERGENCY.—Whether an emergency existed which justified a traveler on a street in attempting to pass under cars which blocked it, was for the jury.

5. STREETS—TRESPASSERS.—A traveler on a public street attempting to pass under a train of cars which blocked it an unreasonable length of time, is not a trespasser.

6. CHARGE—REQUESTS.—Each request to charge is a unit, and must state the propositions of law, desired to be charged, clearly and succinctly, and cite the authorities relied upon.

7. RAILROADS — CROSSING ACCIDENT — PERSON PASSING BENEATH CAR — INSTRUCTION — EMERGENCY — OBVIOUS RISK. — Where there was evidence from which the jury could have inferred that the risk was not obvious, the Court properly refused to instruct that only an emergency could have justified plaintiff in going under the standing car.

8. RAILROADS—CROSSING ACCIDENT—PERSON PASSING BENEATH CARS—PUNITIVE DAMAGES — SUFFICIENCY OF EVIDENCE — SUBMISSION OF ISSUES.—Evidence, in an action for injuries from the moving of a car blocking a street and beneath which plaintiff attempted to pass, *held* to authorize submitting to the jury the question whether defendant wilfully disregarded the rights of plaintiff and the traveling public, who had a right to use the street, and thereby rendered itself liable for punitive damages.

Before GARY, J., Charleston, November, 1914. Affirmed.

Action by Malfino Lorenzo against Atlantic Coast Line Railroad Company. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Mr. Simeon Hyde,* for appellant, cites: *As to admission of evidence:* 76 S. C. 49. *Contributory negligence:* 77 S. C. 61; 49 S. C. 18.

*Messrs. Logan & Grace,* for respondent, cite: *As to evidence:* 97 S. C. 67; 12 A. & E. Enc. of L. (2d ed.) 43; 13 Cyc. 211. *As to contributory negligence:* 83 S. C. 327. *Issue for jury:* 61 S. C. 404; 76 S. C. 46.

July 29, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

FOOTNOTE.—As to passing under, or between cars obstructing crossing as negligence, see note in 12 A. & E. Ann. Cas. 593, Ann. Cas. 1912b, 687, 13 L. R. A. 634, 34 L. R. A. (N. S.) 466, 13 L. R. A. (N. S.) 1066, and 50 L. R. A. (N. S.) 1012. Duty to person attempting to cross, 13 L. R. A. (N. S.) 1074. Contributory negligence as defense in action for injury caused by obstruction in street, see Ann. Cas. 1913c, 568.

Malfino Lorenzo was a sailor on an Italian vessel that was lying at the wharf in Charleston.    It was his first visit to Charleston.    He, with four other sailors on the ship, went up into the city to purchase supplies.    Between ten and eleven o'clock at night the sailors were returning to their ship, on Columbus street, a much used public highway, and one used by sailors and others in going between the water's front and the business portion of the city.

When they arrived at that portion of the street where the tracks of the defendant cross the street, they found box cars across the street blocking the same.    The party waited awhile and then undertook to go under one of the cars.    Lorenzo was the last.    When he was under the car it moved forward and broke his leg and crushed his foot.    For this injury this action was brought, the complaint alleging negligence and wilfulness for blocking the street for more than ten minutes, and for an unreasonable time; for the failure to have a watchman to warn passengers along said street, and for suddenly moving the cars without the warnings required by the statute.

The verdict was for the plaintiff and the defendant appealed.

There are twelve exceptions, but the appellant states the questions at issue as follows:

"It will be unnecessary to repeat the exceptions here, as they are quite lengthy, but they may be divided into five divisions, as follows:

First. Exeptions one to five and exception eight raise the question that the presiding Judge erred in admitting testimony as to the blocking of the street by the defendant company on former occasions long antedating the one in question, such testimony, it is submitted, being irrelevant to the issue being tried by the jury.

Second. Exception six assigns error in the refusal to grant the motion for nonsuit.

Third. Exception seven assigns error in the refusal to direct a verdict for the defendant.

Fourth. Exceptions nine, ten and eleven raise the question that the Judge was in error in refusing to charge the jury as requested by the defendant in its sixth, seventh and ninth requests to charge, the ground of these exceptions being that the defendant was entitled to have these propositions of law charged as presented, for the reason that the plaintiff would only be protected by the law in attempting to pass over the street under the car of the defendant if there were an emergency requiring him to go across the street at this place to reach his ship, and that if there were no such emergency, the plaintiff in doing so, would be guilty of negligence or gross negligence amounting to wilfulness as· the jury might determine, and the plaintiff's cause of action at common law or under the statute either for compensatory or punitive damages, or both, thus defeated.

Fifth. Exception twelve is upon the ground that there was no evidence of wilfulness to go to the jury, and, therefore, a verdict could not be rendered for punitive damages; and the Judge should have so charged."

I. Was it error to admit evidence that the street had been frequently blocked, for an unreasonable time on other occasions?

It was not. Where the allegation is made of a wilful violation of a duty, the jury may infer wilfulness from long repeated violations of the same duty, and *Kirkland* v. *Ry.,* 97 S. C. 67, 81 S. E. 306, is full authority for it.

II. The second and third questions may be considered together, as they raise the same questions, to wit:

(a) Was there evidence of negligence and wilfulness.; and,

(b) Incontrovertible evidence of contributory negligence.

a. There was evidence that the street was blocked for twenty-five minutes; that the engine was not in sight; that

the car was moved without warning; that there was nothing to warn passengers on the street that the cars might be moved at any time; that this street was the main thoroughfare for sailors who were entire· strangers in the city, and that the street was blocked for an unreasonable and unlawful length of time, and that the blocking of this street was habitual.

It cannot be said that there was no evidence from which the jury might infer negligence or even wilfulness.

b. The evidence of contributory negligence was not conclusive. The plaintiff was in Charleston for the first time. Charleston is a seaport city. Sailors and others from distant parts of the world are expected to come and may expect to find a safe approach from the water front to the business portion of the city. There is evidence that this was plaintiff's first visit to Charleston and he had the right to assume that the public highway, along which he would go, would be reasonably safe and in case it was rendered temporarily dangerous, there would be something to give warning of the danger.

It claimed that the cars themselves were the danger signal. This is not necessarily true in this case. There was evidence that the plaintiff and his companions waited for twenty-five minutes; that they could see no motive power attached; that they went up and down the track for some distance and could see no opening or end of the train; that they considered the matter and came to the conclusion that the train was "dead" and would probably remain there for the night, and, having reached that conclusion, they went under the car. It may have been bad judgment, but was not inadvertence. The truth was for the jury.

It is said it was perfectly safe to go around the train. The record does not show that it would have been safe to go around. It was a question for the jury to say whether a prudent man in a strange city would have gone out of a

public highway where he had a right to be, into a freight yard, where it was not clear that he had the right to go. We cannot say that the evidence was susceptible or no other construction than that the plaintiff was guilty of contributory negligence.

III. Did the Judge err in not charging that only an emergency could have justified the plaintiff in going under the standing car?

An emergency may excuse a man for taking an obvious risk. The jury must first find that the risk was obvious. If the jury took the view that under all the circumstances the danger was not obvious, then the necessity for the emergency did not exist.

The ninth request assumed that there was no emergency that called the plaintiff to his ship. What was an emergency that justified the plaintiff in going under the car was also a question for the jury. They might have thought that the prospect of spending the night in the street was an emergency.

If the jury believed that the plaintiff was justified in concluding from the lights before him, or the darkness that surrounded him, that the train was a "dead" train, then they might find that the risk was not obvious.

The plaintiff was not a trespasser; he was not on the car; he was on the public highway where he had a right to be. It may have been recklessness to have exercised the right at that moment, but that is another question.

IV. The appellant complains also, that at least a part of the seventh request to charge was unquestionably good law and should have been charged. Each request to charge is a unit. The requests to charge are handed up to the Judge just before the argument begins, under some circumstances may be after argument. He cannot fully determine the exact bounds of his charge until he has heard the whole case. He has only a short time to consider the

requests and cannot be expected to weed out the bad law and charge that which is good.

Parties are required to state propositions of law that they desire charged; to state them clearly and succinctly and cite the authorities relied upon. If the proposition is correct and applicable, then a failure to charge is reversible error. If not, it is not reversible error.

V. Was there evidence from which the jury might infer a wilful disregard of the rights of the plaintiff and the traveling public who had the right to use Columbus street? There was such evidence.

The judgment is affirmed.