12152

JENNINGS v. NORTHWESTERN R. CO. OF SOUTH CAROLINA

(136 S. E., 639)

1. RAILROADS—ALLEGATION OF RAILROAD'S HABITUAL WANT OF CARE AT CROSSING HELD PROPER ON ISSUE OF WILLFULNESS.—In action for actual and punitive damages to automobile from collision with train, refusal to strike out, and admission of evidence in support of, allegation of complaint alleging that, notwithstanding its knowledge of dangerous condition at crossing, defendant "frequently, in utter disregard of the rights and safety of the public, wantonly, willfully, and recklessly, and at a dangerous rate of speed runs its trains up to and across said public road without ringing its bell or sounding its whistle and without giving any warning, * * * " *held* not error; habitual violation of law and failure to perform duty being evidence of willfulness.

2. RAILROADS—CONTRIBUTORY NEGLIGENCE AND WILLFULNESS HELD FOR JURY, WHERE TRAIN COLLIDED WITH AUTOMOBILE.—In action for actual and punitive damages to automobile from collision with train, evidence *held* for jury on question whether defendant willfully and negligently failed to give statutory signals, and whether plaintiff was guilty of such gross contributory negligence, and willfulness as to bar recovery.

Before TOWNSEND, J., Sumter.   Affirmed.

Action by L. D. Jennings against the Northwestern Railroad Company of South Carolina.   Judgment for plaintiff, and defendant appeals.

*Messrs. Purdy & Bland* and *T. H. Tatum* for appellant.

*Messrs. A. S. Merrimon* and *L. D. Jennings,* for respondent, cite: *Testimony as to repeated violations of law relevant on question of willfulness:* 60 S. C., 250. *Deductions to be drawn from testimony are for jury:* 124 S. C., 326. *Evidence of willfulness sufficient to go to the jury:* 85 S. C., 25; 82 S. C., 327.

February 7, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the plaintiff for the recovery of damages, actual and punitive, in the sum of $5,000.00, for alleged injury to his automobile, the result of a collision between the automobile and one of defendant's trains.   The appeal is from a judgment in favor of the plaintiff in the sum of $927.00.

Briefly stated, the plaintiff alleged that he was the owner of an automobile of the actual value of $1,427.00; that on the 15th day of July, 1924, his automobile was being driven by one Leland Mathis along a highway known as West Liberty Street, near the City of Sumter, and, while being driven along the said street where defendant's railroad track crosses same, the automobile was struck and practically destroyed by a train of the defendant; that the defendant, on its approach to said crossing, failed to give the signals required by law; that the said crossing was a dangerous one which fact was known to the defendant; that on the side of the public highway from which the train approached the crossing the view was obstructed by a store and other buildings, which rendered the crossing more dangerous; and that the damage to the automobile was caused by the negligent, will-

ful, and wanton acts of the defendant. The complaint stated further the following allegations:

"Notwithstanding the knowledge of the defendant of this dangerous condition, it has allowed this condition to continue, and such was the condition at the time of the collision referred to; and notwithstanding the defendant's knowledge of this condition, and its consequent danger to the traveling public, it frequently, in utter disregard of the rights and safety of the traveling public, wantonly, willfully, recklessly and at a dangerous rate of speed, runs its trains up to and across said public road, without ringing its bell or sounding its whistle, and without giving any warning whatsoever of the approach of the said train."

The defendant pleaded a general denial, except for the admission that the automobile had been damaged by a collision with the train, and also interposed the defense of contributory negligence and contributory willfulness on the part of the plaintiff.

Pursuant to notice which had been duly given, upon call of the case for trial, the defendant moved to strike out that portion of the complaint above quoted, upon the ground that same was irrelevant and redundant. The trial Judge overruled this motion, holding that it was apparently relevant to the issue of willfulness, and saying, as set out in the statement of the case:

"If a man habitually violates the law, it would be more willful than if he did it one time. Of course, if he complied with the law on this particular occasion, it would not make any difference if he did habitually violate the law. but, if he did habitually violate the law, and also violated it on this occasion, it would tend to make it more willful."

At the close of all the testimony the defendant made a motion for the direction of a verdict, upon the ground that, even if the signals were not given as required by the statute, such failure to do so on the part of the defendant in no way con-

tributed to the damage complained of, as no other conclu-
sion could be reached from the testimony of Mathis, the
driver of the automobile, than that the injury was due di-
rectly to his own negligence in failing, in so dangerous a
place familiar to him, to look for an oncoming train which
he could have seen if he had looked. The Court overruled
the motion and submitted the case to the jury.

The appellant appeals by four exceptions; the fourth being
abandoned on the hearing of the cause in this Court.

These exceptions impute error substantially on two
grounds: (1) Error (Exception 1) on the part of the
trial Judge in refusing to grant the motion to strike out
certain allegations of the complaint, and (Exception 2) in
admitting testimony tending to support these allegations;
and (2) error (Exception 3) in refusing to direct a verdict
in favor of the defendant.

As to the first ground of imputed error: The alle-
gations complained of, heretofore set forth in full,
were, as stated by the trial Judge, relevant to the
issue of willfulness; and, hence, any testimony, otherwise
competent, tending to support these allegations, would not
be incompetent upon the ground of irrelevancy.

In 22 C. J., at page 750, we find:

"Where the existence of a habit is probative for some
reason other than that it renders probable the fact that the
person acted in accordance with it on a particular occasion,
the evidence should be received."

The purpose of the allegations objected to by the defend-
ant in the present case was to enable the plaintiff to show by
competent testimony on the trial of the case the defendant's
willfulness through habitual violation of the law and failure
to perform its duty, and was not to prove or show any prob-
ability of negligence on the part of the defendant in the
violation of such known duties on the occasion of the al-
leged injury to the automobile. If the jury should find

from other testimony that the defendant failed to give the statutory signals on the occasion in question, then they could consider, as going to the issue of willfulness, testimony tending to show habitual prior failure to give such signals.

*Lorenzo v. Atlantic Railway Co.*, 101 S. C., 409; 85 S. E., 964, was an action for damages for injuries alleged to have been received by the plaintiff through the negligent and willful acts of the defendant in blocking a street with its cars for more than ten minutes, and suddenly moving the train of cars without giving the required warnings. The plaintiff, finding the street so blocked, attempted to pass by going under one of·the cars. The car was moved during this attempt, and he was severely injured. On the trial of the case the presiding Judge permitted the plaintiff, over defendant's objection, to introduce testimony ·tending to show the blocking of the street by the cars of the defendant company on former occasions "long antedating the one in in question." The defendant complained of this as error, contending that such testimony was irrelevant to the issue being tried by the jury. On appeal, in passing upon this question, this Court said:

"Was it error to admit evidence that the street had been frequently blocked, for an unreasonable time on other occasions? It was not. Where the allegation is made of a willful violation of a duty, the jury may infer willfulness from long-repeated violations of the same duty, and *Kirkland v. Railway*, 97 S. C., 67; 81 S. E., 306, is full authority for it."

In *Kirkland v. Railway & Electric Corporation*, 97 S. C., 67; 81 S. E., 307, an action for damages for the death of plaintiff's intestate alleged to have been due to negligent and wanton acts of the defendant, testimony was allowed, over defendant's objection, which tended to show that it was the custom or habit of the motormen to eat their meals while running the car, such testimony being admitted on a

question of wanton negligence in not having proper head-
lights, etc., although the complaint did not allege negligence
on the part of the motormen in eating while on duty. It
was contended by the appellant that testimony showing such
conduct, habit, or custom of the motormen operating other
cars of the defendant was irrelevant and incompetent, and
should not have been admitted by the trial Judge. On ap-
peal, this Court, considering the exception imputing error
in the admission of this testimony, said:

"This exception cannot be sustained. The evidence did
not tend to prove negligence on this particular occasion, but
was admitted by the trial Judge under the allegation of
'willful and wanton acts,' and this ruling is fully sustained
in principle by *Mason v. Railway Co.,* 58 S. C., 74; 13 S. E.,
440; 53 L. R. A., 913; 79 Am. St. Rep., 826; and *Mack v.
Railroad Co.,* 52 S. C., 323; 29 S. E., 905; 40 L. R. A., 679;
68 Am. St. Rep., 913."

See, also, *Stuckey v. Railway Co.,* 60 S. C., 237; 38 S. E.,
416: 85 Am. St. Rep., 842.

As to the second ground of imputed error: There
was a sharp conflict in the testimony as to whether
the defendant, upon approaching the crossing, gave
the statutory signals. The driver of the automobile, and a
number of other witnesses who testified for the plaintiff,
swore positively that the signals were not given. Witnesses
for the defendant were equally positive that the whistle
was blown, and the fireman testified that he rang the bell
until the train passed over Liberty Street crossing, where
the automobile was alleged to have been damaged. Whether
defendant gave the signals as required by the statute was,
under the conflicting testimony, an issue of fact for the jury.

The appellant contends, however, that, even if no stat-
utory signal was given, the testimony of Mathis, the driver
of the automobile, shows conclusively that the damage done
to the automobile was in no manner brought about by the

failure to give the signals, but that it was due to gross contributory negligence and willfulness on the part of the driver in not looking for the oncoming train, which he could have seen if he had looked.

We have carefully examined the testimony in the case. It is true that the testimony of the witness, Mathis, upon which the defendant largely based its motion for a directed verdict, appears, if taken with certain testimony for the defendant, somewhat conflicting as to what he did upon approaching the crossing. On direct examination, he stated that he slowed down and looked and listened as best he could as soon as he passed the storehouse and other houses which obstructed his view of the railroad track; that he looked as soon as he could see down the track, and that, when he saw the train, it was right on him, and he did not have time to stop the automobile, although he was moving at a slow rate of speed. On cross-examination, he testified that he was familiar with the crossing; that he did not know exactly how close he was to the track before he looked and saw the train, but thought he was about 10 feet from it. There was testimony for the defendant tending to show that the distance from the storehouse to the railroad track was 55 feet, and that a person driving along Liberty Street road in the direction in which the automobile was going, on approaching the crossing, could see up the track from that point, in the direction from which the train was approaching, a distance of 400 feet, and at a point 35 feet from the track could see 1,350 feet. The Court permitted the jury to visit the spot of the alleged accident and to view the surroundings for themselves.

Under the positive testimony of the witness, Mathis, that he took the precaution to look and listen for a train as soon as he passed the houses obstructing his view although he did later testify that he thought he was about 10 feet from the railroad track when he looked, and all the

other testimony and circumstances of the case, we think it was for the jury to say whether the damage done the automobile was due to the negligent and willful acts of the defendant, or whether the plaintiff was guilty of such gross contributory negligence and willfulness as to bar recovery. Therefore, we are constrained to hold that the trial Judge properly submitted to the jury the question of defendant's liability. See *Strother v. Railway Co.,* 47 S. C., 375; 25 S. E., 272. *Ritter v. Railway Co.,* 101 S. C., 8; 85 S. E., 51; and *Richardson v. Railway Co.,* 124 S. C., 326; 117 S. E., 510.

In *Chisolm v. Railway Co.,* 121 S. C., 394; 114 S. E., 500, the Court, in speaking of the defendant's failure to give the statutory signals, said:

"If, because of the failure to give such notice, the intestate went upon the track and was injured, however derelict he might have been in failing to exercise due care himself, it cannot be held that his own default was the sole proximate cause of the injury."

In *Wideman v. Director General,* 117 S. C., 516; 109 S. E., 123, Mr. Justice Watts (now Chief Justice), speaking for the Court, said:

"The plaintiffs by evidence showed defendant was negligent; the defendant introduced evidence showing plaintiff's intestate was. This Court, nor the Circuit Court, is called upon to decide such issues when there is a conflict of evidence, and more than one inference can be drawn. The jury is the one to decide such issues."

As said by Mr. Justice Marion in the *Chisolm case, supra:*

"If, as is sometimes intimated, unjust or mistaken verdicts are occasionally rendered by juries on questions like this, the remedy does not lie in usurpation by an Appellate Court of the prerogatives of the jury, to whose unanimous judgment our law rightly commits the ultimate solution of these oftentimes difficult questions of mixed law and fact."

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE BLEASE concur.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY disqualified.

MR. JUSTICE COTHRAN (dissenting) : I think that the allegation of "frequent" failure to give signals did not come within the rule invoked as to "habitual" disregard. According to the testimony of the driver of the car, he was within 10 feet of the track before he exercised any care to avoid a collision. The evidence shows that at a point 35 feet away he could have seen the train 450 yards from the crossing and much further at 10 feet.