### 12429

### GLENN v. SOUTHERN RAILWAY COMPANY *ET AL.*

#### (142 S. E., 801)

1. RAILROADS—PERSON INJURED WHILE CRAWLING THROUGH FREIGHT CARS WAS NOT CHARGEABLE WITH CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW, WHERE HE HAD BECOME CONVINCED THAT TRAIN WAS DEAD.—In action against railroad for injuries resulting on movement of train after plaintiff started to crawl between cars which blocked street, contributory negligence was not shown as matter of law on account of absence of emergency or choosing of danger, where plaintiff testified he had become convinced after waiting 15 minutes that the train was "dead."

2. RAILROADS—RAILROAD'S FAILURE TO GIVE STATUTORY SIGNALS FOR FULL PRESCRIBED PERIOD ON MOVING STATIONARY TRAIN IS NEGLIGENCE PER SE AND IS PRESUMED PROXIMATE CAUSE OF SUBSEQUENT INJURY (CIV. CODE 1922, § 4903).—Failure of train crew to give signal by ringing bell or sounding whistle for at least 30 seconds before train is moved when train is at a standstill within 100 yards of railroad crossing, as required by Civ. Code 1922, § 4903, renders railroad company guilty of negligence *per se*, and presumption of fact arises that failure to give the required signals was proximate cause of injury sustained when train started moving.

3. RAILROADS—NEGLIGENCE OF PERSON INJURED MUST HAVE BEEN WILLFUL TO PRECLUDE RECOVERY FOR INJURY CAUSED BY RAILROAD'S FAILURE TO GIVE STATUTORY SIGNALS (CIV. CODE 1922, § 4925).—Where railroad's failure to give statutory signals contributes to injury, railroad is liable for all damages, under Civ. Code 1922, § 4925, unless negligence of person injured partook of nature of willfulness, since statute requires that gross or willful negligence of person injured must be shown to have contributed to relieve railroad.

4. RAILROADS—ORDINARY NEGLIGENCE OF PLAINTIFF IN CRAWLING BETWEEN STATIONARY CARS DID NOT PRECLUDE RECOVERY FOR INJURIES CAUSED BY FAILURE OF RAILROAD TO GIVE STATUTORY SIGNALS BEFORE MOVING TRAIN (CIV. CODE 1922, §§ 4903, 4025).—Mere failure of plaintiff to act prudently in attempting to crawl between cars blocking track did not preclude recovery for injury sustained when train commenced to move, if his act was induced and

NOTE: On the question of contributory negligence in attempting to cross a train standing on a crossing, see annotation in 13 L. R. A. (N. S.), 1066; 34 L. R. A. (N. S.), 466; 50 L. R. A. (N. S.), 1012; 22 R. C. L., pp. 1022, 1023; 7 R. C. L. Supp., 760.

# 42 GLENN v. SOUTHERN RAILWAY CO. *et al.*

the accident caused by the failure of the railroad company to give statutory signals under Civ. Code 1922, §§ 4903, 4925, which requires gross or willful negligence to avoid railroad's liability.

5. RAILROADS—NEGLIGENCE OF RAILROAD IN FAILING TO GIVE STATUTORY SIGNALS ON MOVING STATIONARY TRAIN AND WILLFUL CONTRIBUTORY NEGLIGENCE OF PLAINTIFF CRAWLING THROUGH STATIONARY CARS HELD FOR JURY (CIV. CODE 1922, §§ 4903, 4925).—Negligence of railroad under Civ. Code 1922, §§ 4903, 4925, for failure to give statutory signals on moving stationary train and gross or willful contributory negligence of plaintiff crawling between cars of supposedly dead train, who was injured when train started, *held* for jury in action for injuries.

6. RAILROADS—RAILROAD CARS SHOULD NOT BE PERMITTED TO BLOCK CROSSING FOR UNREASONABLE LENGTH OF TIME UNDER CITY ORDINANCE PROHIBITING STANDING CARS AT GRADE CROSSINGS.—While temporary occupancy of crossing in course of switching operations is permissible under ordinance prohibiting standing cars at grade crossings, such use should be necessary and cars should not be allowed to block crossing for unreasonable length of time.

7. RAILROADS—APPLICATION OF CITY ORDINANCE PROHIBITING RAILROAD CARS AT GRADE CROSSINGS HELD FOR JURY IN ACTION FOR INJURIES TO ONE CRAWLING BETWEEN STATIONARY CARS.—In action for injuries to person crawling between cars blocking crossings and hurt when cars started in motion, question of applicability of city ordinance prohibiting leaving of stationary cars at grade crossings was for jury.

8. RAILROADS—GIVING OF STATUTORY SIGNAL UNDER CONDITIONS MAKING HEARING THEREOF IMPROBABLE IS INSUFFICIENT (CIV. CODE 1922, §§ 4903, 4925).—Giving of statutory signal under conditions making it improbable that it would be heard does not constitute compliance with duty of railroad company, under Civ. Code 1922, §§ 4903, 4925, and common-law requirement of taking precautions made necessary by the particular conditions is not abrogated by the signal statute.

9. APPEAL AND ERROR—TRIAL JUDGE MUST DECIDE WHAT PORTIONS OF RECORD SHOULD BE PRINTED WHERE ATTORNEYS DIFFER.—Where attorneys differ as to portions of record which should be printed in full on appeal, trial Judge must use his own judgment to decide the question.

10. COSTS—RESPONDENT WHO PROCURED UNNECESSARY PRINTING OF COURT'S CHARGE SHOULD BE TAXED WITH EXPENSES THEREOF ON APPEAL.—Where construction of charge was not involved on appeal, respondent who requested that the charge be printed in the record was taxed with cost of printing charge, under Court rule that charge must not be set out in full, unless necessary to proper construction.

Before WILSON, J., Richland, March, 1927. Judgment affirmed and appeal from order settling case sustained.

Action by T. M. Glenn against the Southern Railway Company and others. From a judgment for plaintiff, and an order settling the case for appeal, defendants appeal.

Section 541 of the Revised Ordinances of the City of Columbia for 1920 provides as follows:

"That no car or cars of any railroad shall be left standing on any portion of any street in the city of Columbia where the railroad crosses such street on the same grade, but said street shall be kept open for its entire width."

*Messrs. Frank G. Tompkins* and *Frank P. McGowan,* for appellants, cite: *Contributory negligence:* 49 S. C., 12; 72 S. C., 1; 65 S. C., 229; 76 S. C., 49; 77 S. C., 161; 101 S. C., 409; 112 Ind., 592; 18 Hun., 192; 61 Ala., 376; 67 Mo., 671; 38 Md., 588; 13 L. R. A. (N. S.), 1066; 3 Elliott on Railroads, 1169; 50 L. R. A. (N. S.), 1012; 75 S. E., 162. *Where there is a safe way and a dangerous way he who takes the dangerous way cannot recover if injured:* 120 S. C., 473; 378 Fed., 85; Sec. 4903, Code. *Probative value of positive and negative testimony:* 11 S. E., 776; 30 S. E., 934; 25 S. E., 384; 81 S. C., 24; 121 S. E., 498; 10 R. C. L., 1010, Sec. 202; 103 Atl., 277. *Common law right to block crossing for reasonable time:* 49 S. C., 180. *Only necessary and relevant matter should be included in the case for appeal; a violation of which will be reversed as to the matter of costs:* Sup. Ct. Rule 4, Sec. 3; 128 S. C., 208; 98 S. C., 431; 105 S. C., 213; 110 S. C., 371; 107 S. C., 109; Sec. 427, Code Proc., when applies: 126 S. C., 321. *Failure to procure order requiring that the defense of contributory negligence, willfulness and recklessness to be set up separately waives such right:* Sec. 405, Code Proc. *Point as to contributory negligence sufficiently raised:* 22 R. C. L., 143, Sec. 27. *"Actionable negligence":* 134 S. C., 378; 138 S. E., 814. *Contributory negligence:* 63 S. C., 494. *Proximate cause:* 122 S. C., 17–21; 61 S. C., 170, cited by re-

spondent, overruled by 112 S. C., 75. *Cases distinguished:* 89 S. C., 511; 134 S. C., 138; 106 S. C., 123; 124 S. C., 427; 131 S. C., 208; 138 S. C., 675.

*Messrs. James S. Verner,* and *E. A. Blackwell,* for respondent, cite: *Difference between contributory negligence and gross contributory negligence, willfulness and wantonness:* 69 S. C., 452; 86 S. C., 112; 138 S. C., 84. *Point not raised below will not be considered on appeal:* 142 S. C., 284. *As to necessity of going between cars a question for jury:* 101 S. C., 409; 77 S. C., 162; 76 S. C., 61; 72 S. C., 1; 45 S. C., 182. *Streets for use of general public:* 89 S. C., 51. *As to safe and dangerous way of continuing journey:* 134 S. C., 138. *Cases distinguished:* 120 S. C., 473. *Erroneous choice of two ways is not negligence as a matter of law:* 134 S. C., 114; 72 S. C., 1. *Failure to give statutory signals raises presumption of negligence:* Sec. 4903, Code; 45 S. C., 183. *Conflicting evidence as to whether statutory signal given or not takes question not only of negligence but of willfulness and wantonness to jury:* 129 S. C., 427; 131 S. C., 208. *Cases distinguished:* 120 S. C., 473. *Failure to give signals raises presumption that such failure was proximate cause of injury:* 138 S. E., 803; 139 S. E., 459. *Duty to give signals under common law:* 138 S. E., 675. *Obstruction of highway by railroad company for unreasonable length of time or for longer time than law permits makes company a trespasser:* 49 S. C., 18; 61 S. C., 404; 77 S. C., 161; 101 S. C., 409.

April 16, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This was a tort action tried in the Court of Common Pleas for Richland County before Hon. John S. Wilson, as Presiding Judge. The verdict of the jury was in favor of the plaintiff in the sum of $8,125 actual damages. The defendants have appealed to this Court from the judgment

against them, and also from the order of the Circuit Judge settling the case for appeal.

The negligence of the defendants, as alleged in the complaint, consisted (1) of blocking the street by a freight train, and (2) in failing to give signals of warning before moving the train. The defendants alleged contributory negligence on the part of the plaintiff in crawling through between the cars.

There is no complaint as to error on the part of the trial Judge in the instructions he gave the jury. The exceptions are directed entirely to the refusal to direct a verdict in behalf of the defendants.

The accident occurred after midnight, on March 9, 1925, at the Assembly street crossing, in the city of Columbia. The plaintiff, who is employed as a clerk in the Southeastern express office, about a block below the Union Station, left the express office, walked several blocks, and then started to return, walking along Assembly Street until he came to the railroad crossing. He found the street blocked by a freight train, about 50 cars in length. The testimony of plaintiff is that he looked both ways, saw box cars on each side of the street, but no engine, waited about 15 minutes without any movement of the train, did not hear any signals given, and, then, believing that it was a "dead" train, started to crawl through between the cars. When he was about halfway through, the train started up and he was thrown off; his foot being mangled and crushed under the train. By walking back the way he came—a distance of about 5 blocks further —he could have used an underpass to the express office.

It is urged that the plaintiff was chargeable with contributory negligence for the reasons that (1) there was no emergency to justify his going between the cars, and (2) he chose the obviously dangerous way of continuing his journey.

The first difficulty that faces the defendants in this advocacy of these positions is plaintiff's testimony that he had

become convinced, after waiting 15 minutes, that the train was "dead." In this situation we are governed by the declaration of this Court in *Lorenzo v. Railroad*, 101 S. C., 409; 85 S. E., 964:

"If the jury took the view that under all the circumstances the danger was not obvious, then the necessity for the emergency did not exist. * * * If the jury believed that the plaintiff was justified in concluding * * * that the train was a 'dead' train, then they might find that the risk was not obvious."

It must be remembered that the action arises under a legislative enactment which makes mandatory the giving of specifically described signals by railroad trains in all movements of trains over street crossings. Section 4903, Civ. Code 1922. When the train is at a standstill within 100 yards of a railroad crossing the bell must be rung or whistle sounded "for at least 30 seconds before the train is moved." If the statute is not observed to the letter by giving the signal for the full prescribed period of time, then the railroad company is negligent *per se,* and a presumption of fact arises that the failure to give the required signals was the proximate cause of the injury. *McBride v. Railroad Co.,* 140 S. C., 260; 138 S. E., 803. *Brogdon v. Railroad,* 141 S. C., 238; 139 S. E., 459.

As applied to similar cases to this, the statute has been construed and given effect in a number of well-considered cases. *Littlejohn v. Railroad Co.,* 45 S. C., 181; 22 S. E., 789. *Burns v. Southern Railway,* 61 S. C., 404; 39 S. E., 567. *Thomasson v. Southern Railway,* 72 S. C., 1; 51 S. E., 443. *Weaver v. Southern Railway,* 76 S. C., 49; 56 S. E., 657; 121 Am. St. Rep., 934. *Walker v. Railway, Carolina Division,* 77 S. C., 161; 57 S. E., 764; 12 Ann. Cas., 591. *Lorenzo v. Railway Co.,* 101 S. C., 409; 85 S. E., 964.

In *Littlejohn v. Railroad,* decided in 1895 by distinguished jurists of the same generation that had part in the adoption

of the signal statutes, the plaintiff also lost his foot, under circumstances which were in many respects almost identical to the case now before us. The accident occurred on a street crossing in the town of Gaffney. The train had been at a standstill for about 10 or 15 minutes before plaintiff started to cross between the cars. His reason for going between the cars was that it would have been "a great inconvenience and loss of time to go around the train." There was testimony that the statutory signals were not given. A nonsuit was granted by the trial Judge, influenced by his view that the signal statute did not apply when the train was stopped on the crossing. In reversing the nonsuit and ordering a new trial, the Court said:

"The words of the statute, within a less distance than 100 rods, are fully answered by some of these cars being below the street in question. Hence the duty to sound the whistle or ring the bell for 30 seconds existed with this railroad, so far as this defendant was concerned; and if the railroad neglected this duty, a *prima facie* case of negligence was established. * * * The other claims of defendant, * * * that the evidence showed that plaintiff took his own risk in attempting to cross through and between the cars in question; and that there was no proof that injury was caused by any negligence of defendant-respondent—all these present questions of fact that ought to have been passed upon by the jury and not the Judge."

A second appeal of the *Littlejohn case* is reported in 49 S. C., 12; 26 S. E., 967. Although a review of the former decision was made at the request of the defendant, the Court, by unanimous decision, adhered to its former conclusions, commenting as follows:

"At the time when the plaintiff went between the cars for the purpose of crossing the track, the train was at a standstill and obstructed the crossing. It was, therefore, the plainly expressed duty of the defendant, before moving the

engine, to ring the bell or sound the whistle for at least 30 seconds."

· Also, in the case of *Weaver v. Railroad, supra,* where it was contended that the lowering the gates across the street afforded plaintiff the same warning as if the signal requirements had been fully complied with, the Court disposed of the contention by saying:

"* * * The statute was intended to inform those about to use the crossing of the specific fact that the train would not move within 30 seconds. A person who sees a train across a highway knows that it is dangerous to attempt to cross the track at that time; and while the lowering of the gates accentuated this fact, it does not give any particular information. Therefore the notice arising from the lowering of the gates did not afford protection equal to that intended by the statute, and does not supersede the necessity for complying with its requirements."

Under the specific terms of the signal statute, the common-law defense of contributory negligence is eliminated from our consideration. The language of the statute (Section 4925, Civ. Code 1922), is that, if the failure to give the specified signals contributed to the injury, liability for all damages caused by the collision is imposed upon the railroad company, unless, "in addition to a mere want of ordinary care," it is shown that *gross or willful negligence* or unlawful act, chargeable to the person injured, contributed to the injury. Negligence signifies inattention, or, in other words, an unconscious failure to realize the danger of the situation. Willfulness signifies conscious disregard of consequences. The term "gross negligence" does not stand by itself in the statute, but the context characterizes the meaning and gives it the significance of willfulness. This was the construction given in *Boyd v. Railway Co.,* 65 S. C., 326; 43 S. E., 817, to the use of the same term in the charge of the trial Judge, where, from its connection with the other language used in the charge, Mr. Justice Woods

said that the meaning must be understood "that it was not simply gross negligence, but negligence gross and reckless of consequences * * * to such degree as to assume the nature of willfulness."

In giving application and effect to the provisions of the statute, there should be kept in mind the distinction between negligence and willfulness, pointed out by Mr. Justice Jones, later Chief Justice Jones, in the case of *Tinsley v. Telegraph Co., 72* S. C., 350; 51 S. E., 913:

"An inadvertent failure to observe due care indicates mere negligence, but an advertent or conscious failure to observe due care passes beyond mere negligence into wantonness and willfulness."

Even if we assume, therefore, that the plaintiff did not act prudently in trying to cross between the cars, yet this failure to meet the ordinary standard of caution will not preclude a recovery, if his act was induced and the accident caused by the failure of the railroad company to give the statutory signals before starting to move the train.

That there was some substance for plaintiff's belief that the train was "dead" appears from the testimony of defendant's own witnesses. In describing the use of the engine in picking up an ice car from adjacent side track, the following testimony was given by defendant's fireman:

"We went about two cars length to the switch, and then back up the other track about three, so we were entirely clear of the train."

The same witness also testified:

"There was a cab on the back, but no locomotive, and the train might have appeared to him to be dead."

The failure of plaintiff to hear any signals was held in *Callison v. Railway Co.,* 106 S. C., 123; 90 S. E., 260, to be some evidence to go to the jury. The situation of the train was fully described, and the plaintiff was subjected to a vigorous and prolonged cross-examination concerning his

actions. His justification in thinking that the train was "dead" and the value of his testimony that he did not hear the signals were both matters for the determination of the jury. The contention that the plaintiff's testimony is of negative character, while defendant's witnesses testify positively that the signals were given, must be decided against the appellants under the authority of the *Callison case,* where it is said:

"Clearly that contention relates only to the weight or probative value of the testimony, which it is the exclusive province of the jury to consider, at least in the first instance; that finding being subject to correction and control on motion for new trial."

The analysis of testimony made in the brief of appellant's attorneys is a strong presentation of their cause, if it could be considered from the standpoint of an argument to the jury upon the probability of the facts. The difficulty that we have to consider is that every phase of this argument brings in a human, rather than a legal, element. There is, first, the argument that the intervening distance of 20 car lengths between engine and street crossing destroyed the value of plaintiff's testimony that he did not hear the signals. Any opinion that we might venture to express on this point would be purely personal. It would not have the semblance of judicial utterance. Second, that plaintiff's physical weakness and incapacity affected his mental alertness to hear the signals. The jury saw him and heard him testify. He was subjected to cross-examination in their presence. No other basis of judging what effect plaintiff's physical condition might have upon his ability to hear the signals is afforded by the testimony. Third, that the 30-second period of signal giving would not have helped plaintiff because it would have taken him more than 30 seconds to crawl over the bumpers. What test has the Court to apply? Without testimony on the point, it is evident that any conclusions which might be reached would be necessarily based on the

inferences drawn from individual observation and experience.

From every standpoint of consideration, we are therefore impelled to feel that the facts of the case bring it peculiarly within the statement of the rule declared in *Sioux City & P. Railroad Co. v. Stout,* 17 Wall., 657; 21 L. Ed., 745, to which this Court has heretofore expressed its adherence in the decision by Chief Justice Watts in *Ex Parte McLeod,* 140 S. C., 1; 138 S. E., 355:

"Certain facts we may suppose to be clearly established from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed; another man equally sensible and equally impartial would infer that proper care had been used, and that there was no negligence. It is this class of cases and those akin to it that the law commits to the decision of a jury. Twelve men of the average community, comprising men of education and men of little education, men of learning and men whose learning consists only in what they have themselves seen and heard, the merchant, the mechanic, the farmer, the laborer; these sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion. *This average judgment thus given it is the great effort of the law to obtain. It is assumed that 12 men know more of the common affairs of life than does one man; that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge.*" (Italics added.)

From another aspect of the case, we are also inclined 6–8 to affirm the judgment. The temporary occupancy of the crossing in the course of switching operations should not be regarded as coming within the prohibition of the city ordinance on this subject, but the use should be necessary and the cars should not be allowed to remain blocking the crossing for an unreasonable length of time. The application of the ordinance, whether it is a factor for

consideration in this case, is therefore for the jury. The duty also exists, where cars are at a standstill on the crossing, to give warning before they are moved. One of the allegations of negligence charged against the defendant is that no warning whatsoever was given of the intended movement of the train. The defendant now says that the bell was kept ringing, but could not have been heard by persons on the crossing. The mere giving of the statutory signal under conditions making it improbable that it would be heard would be no warning whatsoever, and would not meet the duty of the railroad company in this regard. The common-law requirement of taking the precautions made necessary by the particular conditions is not abrogated by the signal statute.

As to the order settling the case for appeal: In preparing the record for appeal, the proper setting of the case will occasionally require some of the occurrences of the trial—questions and answers, objections and rulings of the Court—to be set out in full. Attorneys should, however, keep in mind the obvious fact that the condensation of the testimony by stating its substance and, the elimination of matters which are not essential to a proper understanding of the appeal, will ordinarily facilitate the convenience of the Court besides reducing the cost of printing. Where attorneys differ as to the portions of the record that should be printed in full, the trial Judge must use his own judgment to decide the question. We do not feel justified in making a minute examination of a record containing over 100 pages in order to see whether matters involving the printing of about 5 pages should have been condensed or eliminated. The rule of this Court is specific, however, that the charge of the trial Judge must not be set out in full, "unless it be necessary to a proper construction of them, and only when that is desired." The construction of the charge is not involved in the present appeal, and therefore the cost of printing the charge must be regarded as an unnecessary expense which should be taxed against the respondent.

It is the judgment of this Court that, as to the main appeal, the judgment of the Court of Common Pleas of Richland County be, and the same is hereby, affirmed, and, as to the appeal from the order settling the case, that it be sustained as indicated hereinbefore.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.