13831

HILL v. ATLANTA-CHARLOTTE AIR LINE RY. CO. *ET AL.*

(174 S. E., 233)

Before RAMAGE, J., Greenville, February, 1933. 

*Messrs. J. Robt. Martin* and *J. Robt. Martin, Jr.,* for appellant, 

*Messrs. Blythe & Bonham,* for respondents, 

April 14, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case, which was commenced in the Court of Common Pleas for Greenville County, by the plaintiff against the defendants, for damages for the wrongful death of Ezra Lee Hill, deceased, comes to this Court on appeal from an order of the Circuit Judge, striking out the words, "as habitually done," from the complaint, on motion of the defendants. As being pertinent to the question involved, we quote the following from the complaint:

"That on September 10th, 1932, while the plaintiff's deceased, Ezra Lee Hill, a small boy about nine years of age in crossing what is known as American Spinning Company crossing, from the West side to the East side of defendants' double track railroad in American Spinning Company village, just North of mill building with incessant travel over and along defendants' railway tracks, the passage being interrupted by a North bound out-going freight train, one of

defendants' south-bound freight trains coming South down grade, out of cut, around a sharp curve, approached said crossing at a high and reckless rate of speed without signal or warning, as *habitually done,* the view being obstructed by freight boxes standing in defendants' yards and said north-bound train, onto and against automobile in which plaintiff's deceased, Ezra Lee Hill, was riding, caught said automobile on the front of its engine and carried plaintiff's deceased some two hundred seventy-five or three hundred yards, precipitating him with great force and violence to its tracks, crushing his skull, breaking the bones of his limbs and body, rendering external and internal injuries, thereby causing his death. (Italics added.)

"That the death of plaintiff's deceased was caused and resulted from the negligent, reckless and wanton acts of the defendants, their agents and servants, (1) in failing to give proper and adequate signals and warning of the approach of its train; (2) in failing to take proper and adequate precautions to safeguard and protect the public and plaintiff's deceased in the use of said crossing; (3) and in failing to give the signals and warnings of the approach of its train as required by the laws of the State; (4) and in failing to operate train under proper control in the circumstances."

By reason of all of the alleged acts of failure and delicts of duty on the part of the defendants, which the plaintiff alleges are contrary to the common and statutory law of this State, and rules and regulations of the defendants, resulting in the death of the said Ezra Lee Hill, the plaintiff asked damages in the sum of $50,000.00.

In his appeal to this Court the plaintiff-appellant presents five exceptions, but, as stated by him, the only question presented for the consideration of this Court is, whether the Circuit Judge erred in granting the motion of the defendants to strike from the complaint the words, "as habitually done," and in refusing to permit the introduction of testimony thereon.

The question is concluded by the case of *Jennings v. N. W. Ry. Co.,* 138 S. C., 385, 136 S. E., 639, and the case of *Miller v. A. C. L. R. Co.,* 140 S. C., 123, 138 S. E., 675. We think the trial Judge erred in granting the motion to strike out and in refusing to permit the introduction of testimony to establish the truth of this allegation. The allegation is proper in connection with the charge of willfulness.

In compliance with request of respondents, we have reviewed the above-mentioned cases, and other cases cited in the record, but we adhere to the principle and rule declared therein, involved in the case at bar.

The appeal is, therefore, sustained and it is the judgment of this Court that the order of the Circuit Judge appealed from be and the same is hereby reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.