16277

Du BOSE *ET AL.* v. BULTMAN
(*56* S. E. (2d) *95*)

*Mr. Marion Moise,* of Sumter, *for Appellant,*

*Messrs. C. M. Edmunds and John S. Hoar,* of Sumter, *for respondents,*

November 8, 1949.

OxNER, Justice.

This is an action on an injunction bond. It comes before us on an appeal from an order striking out a portion of the answer.

Both respondents and appellant claimed the timber on certain land in Sumter County. In April, 1947, appellant brought an action against respondents in which he obtained an injunction restraining respondents, during the pendency of said action, "from entering upon, trespassing on, cutting any timber or trees on, removing any timber, logs, trees, tops or lumber from, or in any manner whatsoever damaging" said land; and "from interferring with or hindering the plaintiff, his agents, employees and servants from entering on" said property. The injunction was granted upon the condition that appellant file a bond in the sum of $500.00 About a month later, upon application of respondents, the Court increased the amount of the required bond to $1,000-.00. A substituted bond in this amount was duly filed by appellant. The trial of that action resulted in a verdict in favor of the defendants, thereby dissolving the injunction previously granted.

On October 12, 1948, respondents, who were the defendants in the original suit, brought the present action against appellant to recover damages alleged to have resulted from the issuance of said injunction. Among other damages claimed was the loss of certain lumber on the premises and of timber cut and lying on the ground which respondents say they were unable to remove on account of the injunction; and it was also alleged that respondents suffered damages by being forced to discontinue cutting operations on the land in dispute. In appellant's answer, after admitting the proceedings had in the original suit and denying the allegations of the complaint relating to damages, he alleged as a further defense: "This defendant alleges that repeated offers were made to the plaintiffs herein to permit the lumber and timber referred to in the complaint to be cut and removed, but that the plaintiffs refused to agree to any plan whatsoever for

the cutting and removal thereof, and that if said plaintiffs suffered any damage thereby, said damage was caused by the acts of the plaintiffs and in no way by the order referred to or by any act on the part of the defendant."

Respondents moved to strike the defense above quoted upon the ground that it was "irrelevant and immaterial". The motion was granted and this appeal followed.

An allegation is irrelevant when it has no substantial relation to the controversy. *Lucas et al. v. Garrett et al.*, 208 S. C. 292, 38 S. E. (2d) 18. The motion here is in the nature of a demurrer. *Mason v. Williams et al.*, 194 S. C. 290, 9 S. E. (2d) 537. The question is whether the matter stricken from the answer constitutes a defense to the cause of action alleged in the complaint. We agree with the Court below that it does not.

Appellant seeks to sustain this defense upon the theory that it was the duty of respondents to exercise reasonable care and diligence to minimize their damages. The general principle relied upon is well established but has no application to the facts alleged. The only damages claimed are those which were sustained while the injunction was in effect. They resulted from the restraints brought about by appellant. It was he who made it impossible for respondents to remove their lumber and timber. They could not have accepted his offer "to permit the lumber and timber referred to in the complaint to be cut and removed" without incurring the risk of violating the injunction. There is no allegation that appellant sought to modify the injunction so as to enable respondents to consider the offer or plan submitted. Appellant is not in a position to complain of respondents' abiding by the terms of the restraining order issued on his application.

The order appealed from is affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.