18237

Jeanette P. WILLIAMS, Respondent, v. JOHN S. JOHNSON, Appellant

(137 S. E. (2d) 410)

*Messrs. Tompkins, McMaster & Thomas,* of Columbia, *for Appellant,*

*Messrs. Law, Kirkland & Aaron,* of Columbia, *for Respondent,*

July 6, 1964.

LEWIS, Justice.

The plaintiff brought this action to recover damages sustained by her in an automobile collision which, the complaint alleged, occurred when the defendant negligently, reckessly, and willfully drove his automobile into the vehicle driven by the plaintiff. The answer of the defendant, in addition to a general denial, interposed, as a second defense, the contributory negligence and wilfulness of the plaintiff and, as a third defense, an accord and satisfaction between the parties, as a bar to recovery by the plaintiff. Upon the service of the answer, the plaintiff moved to strike therefrom the third defense. Thereafter, the defendant moved to be allowed to amend his answer by alleging that the plaintiff had been previously involved in numerous automobile accidents and was an habitually reckless driver. The above motions were heard together and an order was subsequently issued by the lower court (1) striking the third defense and (2) refusing to allow the defendant to amend his answer in the foregoing particulars. This appeal is by the defendant from the above mentioned order.

The defendant contends, first, that the lower court erred in striking the third defense from his answer. This defense was as follows:

"5. Further answering said complaint, and as a further defense thereto, the defendant alleges that on the 11th day of February, 1963, the plaintiff herein, for the valid consideration of Six Hundred Fifty ($650.00) Dollars, executed and delivered to the defendant or for his benefit, a full release wherein she did release and forever discharge the defendant and all others privy to him from all claims and de-

mands for injuries and damages sustained on or about May 24, 1962, Columbia, South Carolina, and that on account of the execution of the said release and the forwarding and delivering to the plaintiff of the payment in connection therewith, there has been a complete accord and satisfaction of the plaintiff's claim, and plaintiff is barred and estopped from maintaining this action or recovering any sums whatsoever on account of the injuries and damages alleged in the Complaint."

The motion to strike the foregoing defense was made upon the ground that it was "irrelevant and immaterial." The motion to strike the entire defense upon the foregoing ground was in the nature of a demurrer and should have been refused if the matter to be stricken constituted a defense to the cause of action alleged in the complaint. *DuBose v. Bultman,* 215 S. C. 468, 56 S. E. (2d) 95.

The defense in question alleged, in substance, that an accord had been reached between the parties, consisting of an agreement between them to settle the claims set forth in the complaint, and a satisfaction, consisting of the payment of the consideration agreed upon. These allegations set forth the essential elements of an accord and satisfaction, *Mixson v. Rossiter,* 223 S. C. 47, 74 S. E. (2d) 46, and, if proved would constitute a complete defense to plaintiff's cause of action. 1 Am. Jur. (2d), Accord and Satisfaction, Section 52.

Since the allegations stricken constituted a defense to the cause of action set forth in the complaint, they were relevant and material, and the lower court was in error in striking them from the answer. This portion of the order under appeal must, therefore, be reversed.

The remaining question concerns the refusal of the lower court to allow the defendant to amend his answer by adding an additional paragraph to read as follows:

"That the plaintiff has for a long period of time immediately prior to the collision concerned in this action, that is

May 24, 1962, been involved in numerous automobile collisions during the years 1960, 1961, and 1962; and that at the time and place of the collision out of which this present action arose the plaintiff was not physically or mentally qualified to operate a vehicle she being an habitually reckless driver and such condition or disposition contributed to the alleged injuries and damages sustained in this collison as a direct and proximate cause thereof."

The answer of the defendant plead the contributory recklessness and wilfulness of the plaintiff as a bar to recovery. The defendant characterizes the proposed amendment as alleging habitual misconduct on the part of the plaintiff and contends that allegations and proof of such are relevant on the issue of plaintiff's alleged wilfulness. There is authority for the proposition that where there is an allegation of a wilful violation of a duty, evidence of habitual violations of the same duty is admissible on the issue of wilfulness. *Mack v. South Bound Railroad Co.*, 52 S. C. 323, 29 S. E. 905, 40 L. R. A. 679, 68 Am. St. Rep. 913; *Kirkland v. Augusta-Aiken Ry. & Elec. Corp.*, 97 S. C. 61, 81 S. E. 306; *Lorenzo v. Atlantic Coast Line Railroad Co.*, 101 S. C. 409, 85 S. E. 964; *Jennings v. Northwestern Railroad Co.*, 138 S. C. 385, 136 S. E. 639; *Miller v. Atlantic Coast Line Railroad Co.*, 140 S. C. 123, 138 S. E. 675; *Hill v. Atlanta-Charlotte Air Line Ry. Co.*, 172 S. C. 408, 174 S. E. 233; *Westbrook v. Jefferies*, 173 S. C. 178, 175 S. E. 433. The proposed amendment goes much further and alleges the habitual recklessness of the plaintiff as a proximate cause of the collision. Testimony as to such conduct would be incompetent and, therefore, inadmissible for such purpose.

Additionally, the proposed amendment alleges that the plaintiff had been "involved in numerous automobile collisions during the years 1960, 1961, and 1962," without any relevant allegations of negligent conduct on the part of the plaintiff in causing such collisions. Testimony simply that the plaintiff had been involved in other

automobile collisions would clearly be inadmissible. *Neely v. Carolina & Northwestern Railway Co.,* 123 S. C. 449, 117 S. E. 55.

Since the evidence to support the foregoing allegations would be inadmissible, the lower court properly refused to allow the amendment. See: *Margolis v. Telech,* 239 S. C. 232, 122 S. E. (2d) 417. This portion of the order of the lower court, is accordingly, affirmed.

Affirmed in part and reversed in part.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.